UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BINTA SANYANG,

Plaintiff,

-against-

TREMONT HELPS INC., TREMONT SOCIAL GARDEN INC., MANHATTAN 125 LIMITED, and DMITRIY MILOSLAVSKIY,

Defendants.
-----------------------------------------------------------------X

Case No. 1:26-cv-06264-AS

**ANSWER**

Defendants Tremont Helps Inc., Tremont Social Garden Inc. and Dmitriy Miloslavskiy (herein the "Defendants") appearing by their attorneys, Leon I. Behar, P.C., for their Answer to Plaintiff Binta Sanyang (hereinafter "Plaintiff")'s Complaint dated July 23, 2026 (the "Complaint") state as follows:

1. Deny the allegations contained in Paragraphs 1-134 of the Complaint.

**GENERAL DENIAL**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

2. The Complaint is legally defective in that it fails to properly state a cause of action upon which relief may be granted.

3. That by virtue of the foregoing, the Complaint must be dismissed.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

4. The claims raised in the Complaint are barred by defenses founded upon documentary evidence.

5. That by virtue of the foregoing, the Complaint must be dismissed.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

6. To the extent applicable to each claim alleged, one or more of Defendants were not Plaintiff's employer or joint employer, within the meaning of the FLSA, NYLL, Title VII, NYSHRL, and/or NYCHRL, and therefore cannot be held liable for claims arising under statutes for which the requisite employment relationship did not exist

7. Specifically, Binta Sanyang was never an employee of Tremont Helps, Inc., Tremont Social Garden Inc., nor Dmitriy Miloslavskiy.

8. Plaintiff had otherwise previously attempted to use for violation of human rights with the EEOC which was dismissed. *See* Exhibit "A".

9. Binta Sanyang was an Independent Contractor of Manhattan 125 Limited.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

10. Plaintiff herself had not worked in excess of 40 hours in any particular workweek and was compensated for those hours she did work at a rate that is not in violation of any provisions of the FLSA or New York State statutory law.

11. That by virtue of the foregoing, the Complaint must be dismissed

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims against Defendant Dmitriy Miloslavskiy under Title VII are barred because Title VII does not impose individual liability upon supervisors, owners, officers, or other individual employees.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

13. Any employment actions taken with respect to Plaintiff were taken for legitimate, lawful, non-discriminatory and non-retaliatory reasons and were not motivated by Plaintiff's sex, any protected characteristic, or Plaintiff's engagement in any protected activity.

14. Plaintiff's employment had instead been termination following a violent incident which took place on March 7, 2025.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

15. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

16. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

17. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

18. Plaintiff has failed, or may have failed, to exercise reasonable diligence to mitigate her alleged damages, including any alleged loss of wages, income, compensation, or benefits, and any recovery must therefore be reduced to the extent required by law.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

19. Plaintiff by her acts and conduct, is barred from recovering relief, in whole or in part, by one, several, or all of the doctrines of waiver, res judicata, unclean hands, estoppel and/or laches.

20. That by virtue of the foregoing, the Complaint must be dismissed.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

21. Defendants hereby give notice to rely on any other defenses that may become available or apparent during discovery in this matter and hereby reserve their rights to amend their Answer to assert any such defense.

**WHEREFORE**, Defendants demand Judgment:

(a) dismissing the Complaint in all respects; and

(b) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 2, 2026

Yours, etc.
LEON I. BEHAR, P.C.
*Attorneys for Defendants*

Leon I. Behar

Leon I. Behar, Esq.
347 Fifth Avenue, Suite 1402-162
New York, New York 10016
(212) 242-0500
(212) 242-0518 (fax)
(917) 860-0329 (cell)
Email: LBEHAR@AOL.COM

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/06/2026

**To:** Binta Sanyang
2090 Crotona Parkway APT 4C
Bronx, NY 10460
Charge No: 520-2025-07408

EEOC Representative and email: PAUL ESPOSITO
INVESTIGATOR
PAUL.ESPOSITO@EEOC.GOV

---

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2025-07408.

On behalf of the Commission,

Digitally Signed By:Arlean Nieto
05/06/2026

Arlean Nieto
Acting District Director

**Cc:**
NA NA
563 E Tremont Avenue 2nd floor
Bronx, NY 10457

David Darvish
DavidDarvish@lawdarvish.com

Dmitriy Miloslavskiy
Tremont Helps Inc
563 E Tremont Ave
Bronx, NY 10457

Camille A Sanchez Esq.
488 Madison Avenue 17th Floor
New York, NY 10022

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2025-07408 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2025-07408 to the District Director at Arlean Nieto, 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BINTA SANYANG,

Case No. 1:26-cv-06264-AS

Plaintiff,

-against-

TREMONT HELPS INC., TREMONT SOCIAL GARDEN INC., MANHATTAN 125 LIMITED, and DMITRIY MILOSLAVSKIY,

Defendants.
-----------------------------------------------------------------X

---

**ANSWER**

---

LEON I. BEHAR, P.C.
*Attorneys for Defendants*
347 Fifth Avenue, Suite 1402-162
New York, New York 10016
(212) 242-0500
(212) 242-0518 (fax)
(917) 860-0329 (cell)
Email: LBEHAR@AOL.COM

---

Dated: New York, New York
October 2, 2026

Leon I. Behar
LEON I. BEHAR, ESQ.